Catron, J.
delivered the opinion of the Court. First, this road was conclusively established as a public highway in February, 1824. Secondly, that it was obstructed is admitted.
But it is contended, on the part of the plaintiff in error, that, by the Constitution, he cannot be deprived of his property for the public use, without compensation being made therefor; and until the compensation is *476 made, lie is authorized to occupy and enjoy the exclusive possession of the property. This consequence by no means follows the constitutional provision. It is not a condition precedent that the government shall pay before the property appropriated to public purposes is taken possession of and used by the State. Craigie v. Miller, 6 Mass. Rep. 7.
[121] The manner of obtaining compensation is pointed out by the Act of 1804, ch. 1, § 19. The defendant below attempted to obtain it, but failed, before the County Court. If he was dissatisfied with the decision, it was in his power (provided he was injured) to take his cause by certio-rari to the Circuit Court, and by appeal in error to this Court, and have the errors corrected. This he failed to do, and therefore he has no right to complain. Yet the proceedings to obtain damages were collateral to the establishment of the road, with which proceedings the public had no concern. The rights of the community to the use of the highway established by order of the Circuit Court, upon appeal to that Court, in February, 1824, was complete. The order was in full force, when the road was obstructed, and conclusive upon all persons, as to the establishment of the road, until reversed, or the road discontinued by the proper authority, — the County Court; and an excuse for its obstruction, is not within the recollection of this Court, unless it should be found in the Act of 1825, ch. 17, which is mainly relied upon in the defence, and which we will examine.
The road was finally established in February, 1824; the Act referred to was passed the 31st of October, 1825, nearly two years afterwards. It provides, “ that where a jury of view shall have been ordered by the Court, marked and laid off a road over the land of any person, and the owner of the land shall consider him aggrieved thereby, and shall have obtained, agreeably to the laws in force, a jury to assess the damages he may sustain thereby, that it shall not be lawful for such a road to be established as a public highway until the damages so assessed are paid to the person injured, or so provided for as to answer the payment thereof.”
It is contended that this is a retrospective law, and covers the case of the plaintiff in error.
Whether the law is retrospective or not is unnecessary for the Court to determine; forasmuch as it plainly applies to cases where orders are made by the County Court to have roads reviewed, preparatory to their establishment by confirming the order. If in this case the jury to assess the damages [122] had been applied for, and reported the damages, before the road was established, then a fair case probably would be presented to the Court for the application of the provisions of this Statute ; and the payment of the money, or security thereof to the party injured, would have been a condition precedent to the establishment of the highway; but the Legislature could never have meant to annul roads already established. If the desired construction were put upon the Act, it is very probable some of the *477 oldest and most public highways in the State might be shut up with impunity. What practice the County Courts will adopt upon this Statute it is not for this Court to say; but that it was intended to apply to cases where a jury of view had condemned the ground over which the highway should lie, before such highway was finally established by order of the Court, and an overseer thereof appointed is certain, — the Act of 1824 having made ample provision for the assessment of damages, in cases of injury sustained by reason of the location of the roads, after the same are opened t by ordec of the Court; and it is believed the only alteration intended to be made by the Act of 1825 was the payment of the damages, or the security of them to be paid, as a condition precedent to the opening of the road ; and, therefore, that it does not apply to this case, where the road had been already opened. Affirm the judgment of the Circuit Court.
Judgment affirmed.